JAMES A. HAYDEN, Respondent, v. GEORGE DEMETS et al., Appellants.

To constitute a valid tender under an executory contract for the sale of chattels, the law only requires such acts as are practicable according to he character of the thing tendered and the nature of the business; if the articles are ponderous and bulky, a manual delivery is unnecessary.

Plaintiff contracted to sell defendants 50,000 pounds of copper, to be delivered upon a day specified, upon payment of the agreed price. At the time named for delivery plaintiff tendered to defendants warehouse receipts of copper to the amount of 49,966 pounds, and offered to pay the warehouse charges or to deduct the amount thereof from the purchase-price. He also offered to deliver the copper itself if required. He had other copper, more than enough, to make up the full amount contracted for. Defendants made no objection to the mode of tender nor to the amount tendered, but declined to accept a delivery upon the ground that they could not pay. *Held*, that the mode of tender was sufficient, but if there were any objections thereto they were waived, as was also any objection as to the amount tendered.

Upon a valid tender of specific chattels under an executory contract of sale, the property passes to the vendee, at whose risk it is retained by the vendor.

Upon the refusal of the vendee to accept and pay the price, the vendor, upon proper notice, may sell and recover the difference between the contract and the selling price, or he may retain the property and recover the difference between the contract and the actual price, or he may sue for and recover the contract price. If he elects the latter remedy, he holds

the property as trustee for the vendee, and is bound to deliver it whenever demanded upon receiving payment.

(Argued June 12, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action is brought to recover the contract-price of a quantity of copper.

Plaintiff's evidence showed the following facts: On the 6th March, 1869, the parties entered into a contract by which plaintiff sold to defendants 50,000 pounds Detroit smelted ingot copper, to be delivered on or before the twenty-fifth, buyer's option, at twenty-six and a quarter cents per pound, and one dollar per cask, cash on delivery. On the twenty-fifth March plaintiff tendered warehouse receipts for 49,966 pounds, offering to pay the storage and charges or to deduct the amount thereof from the purchase-price. He also offered to deliver the copper itself if required. He had the full amount of copper on hand at the time of tender. Defendants made no objection to the tender of any kind, but replied that they were unable to pay, and asked for thirty days' extension, which plaintiff declined to give.

Further facts appear in the opinion.

*D. M. Porter* for the appellants. The complaint should have been dismissed, because there was no tender of the copper to defendants and no title to it vested in them. (*Suydam* v. *Clark*, 2 Sand., 133; *Bakeman* v. *Pooler*, 15 Wend., 637; *McDonald* v. *Hewitt*, 15 J. R., 349–351; 2 Kent [9th ed.], 684, 685; *Bement* v. *Smith*, 15 Wend., 493–498; *Newcomb* v. *Cramer*, 9 Barb., 402; *Shannon* v. *Comstock*, 21 Wend., 456; *Pratt* v. *Foster*, 5 Seld., 403; *Roosevelt* v. *Bull's Head Bk.*, 45 Barb., 579.) The difference in value could only have been sued for. (*Ganson* v. *Madigan*, 13 Wis., 67.) There was no waiver of delivery. (*Morange* v. *Morris*, 3 Keyes, 48, 49, 51; *Bunge* v. *Koop*, 5 Robt., 1.)

It was for plaintiff to show a tender or delivery. (*Roosevelt* v. *Bull's Head Bk.*, 45 Barb., 579; *Dunston* v. *McAndrew*, 44 N. Y., 72.)

*Waldo Hutchins* for the respondent. A vendor's remedies on the failure of purchaser to perform are, 1. To hold the property and recover the purchase-money; 2. To sell after notice and recover the difference between the contract-price and that realized on the sale; 3. To keep the property and recover the difference between the contract-price and the market price. (*Dunston* v. *McAndrew*, 44 N. Y., 72.) The tender of the warehouse receipts and offer to indorse them over was a sufficient delivery under the contract. (*Myers* v. *Davis*, 26 Barb., 372; *Wilkes* v. *Ferris*, 5 J. R., 335; *Stanton* v. *Small*, 3 Sanf., 230; *Gibson* v. *Stevens*, 8 How. U. S., 384; *Bk. of Rochester* v. *Jones*, 4 N. Y., 497, 503; *Dunham* v. *Pettie*, 8 id., 508; Story on Sales, §§ 311, 312.) Notice of readiness to deliver was sufficient as a tender. (*Duston* v. *McAndrew*, 44 N. Y., 72; S. C., 10 Bosw., 130; Story on Sales, § 309.) Defendants waived all objection to the sufficiency of tender by their refusal on account of their inability to pay for the copper when tendered. (*Bunge* v. *Koop*, 48 N. Y., 225; S. C., 5 Robt., 1; *Delavan* v. *Duncan*, 49 N. Y., 485; *Bronson* v. *Wiman*, 8 N. Y., 182; *Currie* v. *White*, 45 id., 822; *Wheeler* v. *Garcia*, 40 id., 584.)

CHURCH, Ch. J. The contract for the sale of the copper was executory. Although the plaintiff owned the specific copper sold, he also had other copper of the same quality, and until it was designated and set apart the title remained in him. Payment and delivery were to be simultaneous acts, and neither party could maintain an action against the other without performance or tender of performance on his part. It is quite evident that the plaintiff was anxious to make the delivery, because the market price had fallen, and it is equally clear that the defendants desired to avoid the obligations of the contract for the same reason. The jury have found the

version of the plaintiff of what took place at the time as true, and from that we think the court was right in holding the tender sufficient.

The goods were ponderous and bulky, and in such a case a manual delivery is unnecessary. It is enough if they are placed in the power of the vendee. (Story on Sales, § 11.) The warehouse receipts were tendered and an offer made to pay the warehouse charges, or deduct the amount from the purchase-price; and the vendor also offered to deliver the copper itself if it was required. The defendants made no objection to the tender, but declined to accept a delivery, giving as a reason that they had not the money, and asked an extension for thirty days, which was declined. What more could the plaintiff do? He had the copper and offered it to the defendants. The law requires good faith and such acts only as are practicable according to the character of the thing tendered and the nature of the business. (*Stanton* v. *Small*, 3 Sandf., 230; *Gibson* v. *Stevens*, 8 How. U. S., 384.) If anything more was required it was waived. (45 N. Y., 822.) The defendants made no objection to the mode of tender, nor to the quality or amount tendered. They had an opportunity to take immediate possession, upon complying with their contract, and declined. They had no right to take actual possession without payment of the price. The setting apart and tender gave them a right of property in the copper, but not the right of possession without payment. (2 Kent's Com., 492, 493.)

The counsel for the appellants claim that the court erred in charging the request of the plaintiff's counsel, that if the defendants, at the time of the tender, stated that they were unable to pay, or asked for an extension of time to complete the contract on their part, it was a waiver of all objections to the tender as to its sufficiency or amount. The request must be taken in connection with the other facts proved, viz., that the plaintiff tendered the warehouse receipts, and offered to deliver the copper itself, and if the defendants, without making any objections to the mode of tender, declined, because

they were unable to pay, or asked an extension of time, it was a waiver on their part of a more formal tender. It is unnecessary to say that asking an extension of time would, under all circumstances, be a waiver. There was a slight deficiency of quantity specified in the warehouse receipts. The sale was 50,000 pounds, and the amount specified in the warehouse receipts was 49,966 pounds. The plaintiff had other copper sufficient to make up the amount, and no objection was made on that ground. The difference was insignificant, and it must be presumed that the defendants knew the amount specified in the receipts, and by not objecting on that ground that they intended to waive it. According to the plaintiff's evidence, which was adopted by the jury, there was no dispute about the liability of the defendants, and the transaction would have been closed at the time by paying the difference, but for a disagreement as to the price of copper on that day. It was too late after that to fall back upon the insufficiency of the tender. The defendants were in default, and the plaintiff entitled to recover.

The question of damages is made by the appellants, and it is claimed that the plaintiff was not entitled to recover the value of the property, but only the difference between the contract and actual price. This point was not distinctly made at the trial. The defendants insisted that they were not liable for want of a sufficient tender, and moved to dismiss the complaint, and asked the court to direct a verdict for the defendants. The court charged the jury, in substance, that if they believed the statement of the plaintiff he was entitled to recover a specified sum, which was the contract price for the copper, to which there was a general exception. There were two distinct propositions in the charge, one of which, viz., the right of the plaintiff to recover, we have already held to be correct, and if the other, as to the amount, was erroneous, the general exception would not be strictly available. (1 Seld., 422.) The defendants should have called the attention of the court to the point, but passing this somewhat technical answer, the objection is not tenable.

Upon a valid sale of specific chattels, when nothing remains to be done by the vendor except delivery, whether conditioned upon payment or not, the right of property passes to the vendee, at whose risk it is retained by the vendor. The same consequence as to title results from a valid tender, upon an executory contract. Upon the refusal of the vendee to accept and pay the price, the vendor, upon proper notice, may sell the property and recover the difference, or he may sue for the difference between the contract and actual price, in which case he elects to retain the property as his own, or he may recover the contract-price, in which case he holds the property as trustee for the vendee, and is bound to deliver it, whenever demanded, upon receiving payment of the price. In selling the property after tender and refusal, the vendor acts as the agent and trustee of the vendee, to whom the title is deemed to have passed by the tender. The right of the vendor to recover the price of the goods, if he chooses to risk the solvency of the vendee, necessarily results. (44 N. Y., 72; *Bement* v. *Smith*, 15 Wend., 492; *Slingerland* v. *Morse*, 8 J. R., 473; *Lamb* v. *Lathrop*, 13 Wend., 95; 2 Kent's Com., 492, 495, 496; Story on Sales, §§ 300–317.)

The judgment should be affirmed.

All concur.

Judgment affirmed.