EDWIN SAWYER, Respondent, *v.* RANSOM B. DEAN, Appellant.

Defendant contracted to purchase of F., plaintiff's assignor, five hundred hides of a quality specified, to be selected by the vendor, shipped from Chicago and delivered to defendant at Owego, upon payment of draft for the purchase-price. F. shipped the hides by one of the usual railroad routes to Owego to his own order, accompanied by a draft, with direc- tions to deliver on payment of the draft. The hides arrived in due time and in good order, and notice thereof was given to defendant, but he refused to receive and pay for them unless he had an opportunity of taking them to his factory and there opening and examining them. Plaintiff offered to allow an examination at the railroad station, upon a platform or in the car, and notified defendant that, unless accepted in accordance with the contract, the hides would be returned to the seller at Chicago and there sold and defendant charged with the difference between the contract and selling-price, together with freight and expenses, and, upon defendant's refusal of the offer, the hides were reshipped and sold in accordance with the notice. In an action to recover damages for alleged breach of the contract, *held*, that the seller had the right, by ship- ping in his own name, to retain possession of the hides until accepted and paid for; that, having made F. his agent to select, defendant was bound the selection, and was not entitled to an examination before acceptance; that, conceding he had a right to examine the hides, the oppor- tunity offered for so doing was just and reasonable, and he was not enti- tled to have them delivered into his possession for that purpose; that plaintiff was entitled, on refusal to accept, to recall the hides and sell

them at Chicago pursuant to the notice; and that the difference between the contract and selling-price, with the expenses, was the proper measure of damages.

(Argued April 25, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 20, 1886, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*Charles A. Clark* for appellant. Defendant had a right to stand upon the terms of the contract, and was not bound unless the condition upon which his obligations depended was fulfilled. (*G. N. Bk.* v. *Taaks,* 101 N. Y. 442, 449.) In every contract between parties where the performance by one of them presupposes some act to be done by the other, prior thereto or contemporaneously, the neglect or refusal to perform such act dispenses with the obligation. (*Cross* v. *Beard,* 26 N. Y. 85–88; *Starbird* v. *Barron,* 38 id. 237; *Hills* v. *Lynch,* 3 Robt. 42.) A party who is the cause or occasion of a breach cannot recover thereon. (*Winch* v. *T. M. B. I. Co.,* 86 N. Y. 618.) The fact that Franklin Sawyer shipped a carload of hides, by his own carrier, consigned to himself, directed to Owego, N. Y., retained the possession of them and denied the defendant the right to receive or examine them, was not executing any contract on the part of Sawyer, or any contract even that had been proposed by Sawyer to the defendant. (*Hills* v. *Lynch,* 3 Robt. 42; *Cayuga County. Nat. Bk.* v. *Daniels,* 47 N. Y. 631.) Until there was an actual acceptance there could be no valid sale of the hides. No title passed. (*Stone* v. *Browning,* 68 N. Y. 598; *Caulkins* v. *Hellman,* 47 id. 449; *Cornell* v. *Clark,* 104 id. 451.) The court admitted improper evidence of local customs of hide dealers in Chicago, a custom unknown to the defendant, and not in accord with the alleged contract, upon

which proof of customs so improperly admitted is based the decision of the court below. ( *Wheeler* v. *Newbould,* 16 N. Y. 392; *Hill* v. *Blake,* 97 id. 216; *Mead* v. *Smith,* 3 N. Y. C. P. Rep. 171; *Walls* v. *Bailey,* 49 N. Y. 473, 474; *Higgins* v. *Moore,* 34 id. 425 . *Markham* v. *Jaudon,* 4 id. 535; Parsons on Contracts, 544.) Where a usage sought to be proved is of a particular trade or locality, it must appear that it was known to a party before he is bound. ( *Walls* v. *Bailey,* 49 N. Y. 473, 474; *Higgins* v. *Moore,* 34 id. 425; *Security Bk.* v. *Nat. Bk.,* 67 id. 463; *Groat* v. *Gile,* 51 id. 439; *Bk. of Commerce* v. *Bissell,* 72 id. 615; *Oelricks* v. *Ford,* 64 U. S. 534; 23 How. 49, 65; *Rawson* v. *Holland,* 59 N. Y. 611, 619. The statement of an agent cannot be received to prove his) agency, so as to bind his principal. (*Howard* v. *Norton,* 65 Barb. 161; *Baird* v. *Gillett,* 47 N. Y. 186; *Osgood* v. *Manhattan Company,* 3 Cow. 612; *Williams* v. *Fitch,* 18 N. Y. 546; *Foote* v. *Flanagan,* 79 id. 224.) Where evidence bearing with directness and force upon the question at issue has been erroneously admitted by a referee, a new trial must be granted, although there may be unobjectionable evidence sufficient to sustain his conclusion. (*Osgood* v. *Man. Co.,* 3 Cow. 612; *Williams* v. *Fitch,* 18 N. Y. 546–552; *Baird* v. *Gillett,* 47 id. 186; *Erben* v. *Lorillard,* 19 id. 299; *Starbird* v. *Barrons,* 43 id. 200.) Facts are required to be alleged truly in the pleadings. (*Cook* v. *Barr,* 44 N. Y. 158.) The defendant had the right to prove anything concerning the statements or admissions of the plaintiff, whether such statements or admissions are contained in his complaint or elsewhere. (*Baird* v. *Daly,* 68 N. Y. 547–550.) If evidence is proper in kind, though not in degree, or if objectionable otherwise upon some technical ground, all right of exception to it is waived by the parties by not objecting in time, and all rightful control over it by the court gone (*Hall* v. *Earnest,* 36 Barb. 585, 591; *Quinn* v. *Lloyd,* 41 N. Y. 349, 355; *Filkins* v. *Baker,* 6 Lans. 516, 519; *Sherman* v. *Scott,* 27 Hun, 336.) The channel through which hearsay evidence comes does not change its nature; it continues hearsay evidence and

inadmissible, though repeated by a party to the suit as mere hearsay. (*Stephens* v. *Vroman*, 16 N. Y. 381; *McMaster* v. *Smith*, 3 N. Y. State Rep. 481.) Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them on the trial. (*Wright* v. *Delafield*, 25 N. Y. 266, 270; *Ballou* v. *Parsons*, 11 Hun, 602, 605; *Brown* v. *Leigh*, 49 N. Y. 81; *N. Co. Nat. Bk.* v. *Lord*, 33 Hun, 557, 566; *Dezengremel* v. *Dezengremel*, 24 id. 457.) An agent employed to sell cannot make himself the purchaser, nor, if employed to purchase, can he be himself the seller. (*Conkey* v. *Bond*, 34 Barb. 276, 286, 287; 36 N. Y. 427; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 14 id. 91; *U. Ins. Co.* v. *T. Ins. Co.*, 17 Barb. 132; *Taussig* v. *Hart*, 58 N. Y. 425–428.) There was no valid written agreement for the sale, purchase or shipping of the hides previous to the time they were shipped, November 4, 1882. (2 R. S. [Banks' 6th ed.] '136, § 3; 3 R. S. 142, § 3; *Shindley* v. *Houston*, 1 N. Y. 261.) The shipping of hides by a carrier, selected by Franklin Sawyer himself, was not a delivery of the hides to the defendant. (*C. Co. Nat. Bk.* v. *Daniels*, 47 N. Y. 631, 637.) They were not shipped upon or in accordance with any writing or order of the defendant, and the defendant had the right to refuse to accept them. (*Rawson* v. *Holland*, 59 N. Y. 611; *Hills* v. *Lynch*, 3 Robt. 42; *Brand* v. *Focht*, 1 Abb. Ct. App. Dec. 185; *Stone* v. *Browning*, 68 N. Y. 598; *Hill* v. *Blake*, 97 id. 598; *Schindler* v. *Houston*, 1 Comst. 261.) Sawyer had not only by his acts rendered it impossible for the defendant to receive the hides and perform any alleged contract, and by his own violations of the understanding released the defendant, but, in addition to his acts, had abandoned it by his language in his communications to defendant. (*Graves* v. *White*, 87 N. Y. 466; Code of Civil Pro., § 993; *James* v. *Cowing*, 82 N. Y. 449, 459.) The testimony of a witness, which is merely controverted and not otherwise impeached, cannot ordinarily be entirely disregarded as utterly false. (*Moran* v. *McLarty*, 75 N. Y. 25; *Lomer* v. *Meeker*, 25 id. 361, 363.) If two concur

rent acts are stipulated as delivery by the one party and pay-
ment by the other, no action can be maintained by either
without showing a performance, or what is equivalent to a
performance of his part of the agreement. (2 Kent's Com.
465; *Caulkins* v. *Hellman*, 47 N. Y. 449; *Mead* v. *Smith*,
3 N. Y. Civ. Pro. Rep. 171; *Sickles* v. *Flanigan*, 79 N. Y.
224.) In such a case the question of law is as to which party
is entitled to judgment, and if the court below erroneously
decides this question, an exception to such a ruling brings up
for review the question whether the successful party was,
upon all of the facts, entitled to judgment. (*Hemingway* v.
*Poucher*, 98 N. Y. 281–287; *Wilson* v. *Allen*, 3 How. Pr.
369–373; *Pratt* v. *Foote*, 9 N. Y. 463; *Moores* v. *Townshend*,
102 id. 387–392.)

*William P. Cantwell* for respondent. The defendant cannot
question the validity of the assignment from Franklin Sawyer
to the plaintiff. (*Sheridan* v. *Mayor, etc.*, 68 N. Y. 38.) The
fact that Franklin Sawyer did business in the name of Frank-
lin Sawyer & Co. does not affect this action. (*Wood* v. *E.
R. Co.*, 72 N. Y. 196. Franklin Sawyer, in accordance
with the custom of the hide trade of Chicago, had the right
to ship the hides to his own order, and to require payment
before delivery, and it was competent for the plaintiff to
prove such custom. (*Miller* v. *Insurance Co. of North
America*, 1 Abb. N. C. 470; *Spear* v. *Hart*, 3 Robt. 420;
*Walls* v. *Bailey*, 49 N. Y. 464; *Hinton* v. *Locke*, 5 Hill,
439; *N. Y. C. & H. R. R. R. Co.* v. *S. O. Co.*, 87
N. Y. 486, 492.) Where a vendor has brought property
to the place of delivery, he may then insist on payment
before he parts with the possession. (*Vincent* v. *Conklin*,
1 E. D. Smith, 203; *Clarkson* v. *Carter*, 3 Cow. 84; *Morey*
v. *Medbury*, 10 Hun, 540; *Haden* v. *Demits*, 53 N. Y. 426,
431; *Higgins* v. *Murray*, 4 Hun, 568; *Commercial Bank* v.
*Pfeiffer*, 22 id, 334.) Upon the refusal of the defendant to
accept and pay for the hides, Franklin Sawyer proceeded

regularly in notifying the defendant that, in consequence of such refusal, said hides would be taken to Chicago and sold for and on defendant's account, for the best price that could be obtained therefor and in the subsequent sale of the said hides. (*Dustan* v. *McAndrews*, 44 N. Y. 72, 74, 79; *Mills* v. *Gould*, 10 J. & S. 123; *Lewis* v. *Greider*, 49 Barb. 606; 51 N. Y. 236, 237; *Pollen* v. *Leroy*, 30 id. 549, 556, 557; *McGibbon* v. *Schlissinger*, 18 Hun, 225, 226; *Crooks* v. *Moore*, 1 Sandf. 297.) The expenses of sale are a proper item of damages. (*Pollen* v. *Leroy*, 30 N. Y. 550, 555, 556.) Sale need not be at auction. (*Crooks* v. *Moore*, 1 Sandf. 297.) Even where improper evidence is admitted, it is no ground for reversal if the facts are proved by uncontroverted evidence. (*S. P. Co.* v. *Marheimer*, 41 N. Y. Supr. Ct. 184; *Sutherland* v. *N. Y. C. & H. R. R. R. Co.*, 41 id. 17; *Milliner* v. *Luce*, 3 Hun, 496; *Erwin* v. *N. S. Co.*, 8 W. D. 382; *Crooks* v. *Mali*, 11 Barb., 205; *Pepper* v. *Haight*, 20 id. 429; *Snell* v. *Snell*, 3 Abb. 430; *Smith* v. *Floyd*, 18 Barb. 522; *Colwell* v. *Lawrence*, 38 id. 642; 38 N. Y. 71; *Hofheimer* v. *Campbell*, 7 Lans. 157; 59 N. Y. 269.) One who proposes an unreasonable number of additional findings will not be heard to object that the court did not discern the materiality of some of them. (*Quincey* v. *Young*, 53 N. Y. 504; *Andrews* v. *Raymond*, 58 id. 686; 2 Y. & C. 661; *Davis* v. *Leopold*, 87 N. Y. 620; *Potter* v. *Carpenter*, 71 id. 74; *E. P. Co.* v. *Lacey*, 3 Hun, 111; 63 N. Y. 422; *Scott* v. *Pilkington*, 15 Abb. 280.) The questions of fact having been fully determined by the trial court, and the judgment of that court affirmed by the General Term, no further inquiry as to these facts will now be permitted. (Code of Civ. Pro. § 1337; *Hynes* v. *McDermott*, 91 N. Y. 451 · *People* v. *French*, 92 id. 306.)

POTTER, J. The action is brought to recover damages alleged to have been sustained by Franklin Sawyer, assignor of the plaintiff, in consequence of the neglect and refusal of the defendant to accept and pay for a car load of five hundred

hides that he had ordered and purchased of said assignor and directed to be shipped from Chicago, where said Franklin Sawyer resided, and where the hides were, to Owego, in the state of New York, where the defendant had a tannery in which he was conducting, on a more or less extensive scale, the business of tanning hides into leather. The bargain for the hides was made through correspondence, by letter and by telegraph communications between the parties.

After the arrival of the hides at Owego, and some correspondence by telegrams and by letter, and the sending an agent by the plaintiff to Owego to see the defendant, and after an interview with the gentleman so sent by the plaintiff with defendant's agent at Owego, the defendant finally refused to receive the hides unless he had an opportunity of taking them from the depot to his factory and there opening and examining, if not testing and proving them. This the plaintiff refused to allow the defendant to do, and gave him notice, at the proper time and manner, that unless he accepted the hides in accordance with the contract, and especially if he refused after the offer which had been made to examine the hides at the railroad station upon a platform or in the car, that the hides would be returned to the seller in Chicago, on account of the refusal to receive and pay for the same, and would there be sold at the best price that could be obtained for them, and defendant would be charged with the difference between the price brought on the sale at Chicago and the price agreed upon, together with the necessary expenses growing out of sending the hides to and return from Owego and other incidental expenses occasioned by the refusal of the defendant to receive and pay for them in accordance with the contract.

This action is brought to recover that difference and those expenses; that is, the difference between the contract-price and the price at which they were sold at Chicago, and this recovery is based upon that difference in the price and these expenses.

This correspondence by telegram and by letter commenced on or about the 20th day of October, 1882, and was carried on

for a few days and culminated, as the trial court found, in an agreement to purchase, on the part of defendant, the five hundred hides, specifying the price per pound and quality of the hides, and that, in pursuance of such contract and purchase, the plaintiff's assignor shipped the hides on the fourth of November to his own order, accompanied by a draft on the defendant sent through a bank at Owego, the hides to be delivered to the defendant upon payment of the draft, and the carrier, the railroad company, was directed to deliver them accordingly.

When the hides arrived at Owego, on or about the 11th of November, 1882, notice was given to the agent or person in charge of the defendant's tannery, that they had arrived. And at this point the question in controversy arises, whether the defendant was bound, under the contract made between him and plaintiff's assignor, to take the hides and pay the draft without any examination or inspection of them, or whether, under the contract, he was entitled to an inspection of the hides before accepting the draft or paying the draft or acceptance of the hides. There had been nothing said in these negotiations or correspondence between the parties until after the hides were shipped on the fourth of November, as before stated, in respect to the time or manner of payment for the hides. The trial court found that this contract was consummated, and found the contract, by a modification or waiver, resulted in giving to the defendant the right that he claimed, namely, to an examination of the hides before an acceptance of them or accepting the draft and paying it. The court should (I think, from the evidence) have found the correspondence between the plaintiff's assignor and the defendant, commencing with the letter of inquiry on the twentieth of October, and the actual shipment on November fourth, that the defendant ordered of plaintiff's assignor five hundred hides, the quality of which was specfied in the correspondence at prices named per pound for the hides, and the same were to be selected by plaintiff's assignor for the defendant; and the plaintiff's assignor did ship the hides, accordingly, in his own name;

and the same were received at the railroad station near defendant's tannery in good order and in due time. The law arising upon such finding is that the defendant had no right to test or prove the hides, and was not entitled to the possession of them for that or any other purpose until they were paid for. Upon the ordinary agreement to sell and to purchase personal property, in the absence of any agreement or provision in the agreement as to the time or manner of payment, delivery and payment are simultaneous acts, and, as a tender, is equivalent in law to performance; a tender of delivery or payment by one person to the other gives the person making the tender the right to enforce the performance of the contract against the other. (*Hayden* v. *Demets*, 53 N. Y. 426, 428, 429.) In the case under consideration defendant made no objection that the hides were not of good quality or of the quality specified in the terms of purchase or in the number of hides. He simply insisted that he had a right under the contract to an examination of the hides before acceptance and payment. Under such a contract, as I think, the trial judge might have well found, from the evidence in this case, it results as in the case of *Higgins* v. *Murray* (4 Hun, 565); and, as was in the opinion in that case expressed by Judge DANIELS, the plaintiff by shipping in his own name was simply keeping the possession of the property, as he had the right to do, until it had been accepted and paid for by the defendant. By shipping in that manner he retained and kept the lien of possession as his security for the payment of the property.

The effect of the contract was to transfer the title of the property from plaintiff's assignor to the defendant, subject only to the right of the assignor to retain possession until payment should be made as long as no credit was to be given or had been provided for by the terms of the agreement. After the making of the contract he became the agent of the defendant, save in retaining possession of the property as security for the payment of the purchase-money while title to the property was vested in the defendant. To the same effect

is the case of *Commercial Bank* v. *Pfeiffer* (22 Hun, 327);
also the case of *Morey* v. *Medbury* (10 Hun, 540). If the
law in this case is not as above stated, the effect would be that
a person who, under a valid contract, has sold his property,
sent it to a distant place to the manufacturing establishment
of the purchaser, has received no payment and has parted
with the possession of the property, and that means of secur-
ing payment, must rely upon the responsibility of the pur-
chaser and his disposition to pay for the property. If this is
not satisfactory to the purchaser, he should have made a dif-
ferent bargain. He could have done as he was advised by
the plaintiff's assignor, viz., have appointed a hide broker or
expert to have made the selection. Then both the buyer and
the seller would have been bound by the selection made, the
buyer to accept and pay for and the seller to deliver. But
the defendant chose to make the seller his agent to select, and
he must abide by the selection made for him. Especially in
the absence of any evidence that the hides were not just what
he ordered. Indeed, the defendant did not base his refusal to
pay upon any allegation, much less than upon any proof that
the hides were not in accordance with his specification and
order, but upon the simple pretext that he wanted to examine
them, and that, too, after he had authorized the plaintiff's
assignor to select the hides for him.

While the trial court might, and I think should have, found
as above indicated, it has found substantially in that way, but
with the qualification that the plaintiff's assignor gave the
defendant the right to examine the hides before accepting
them. This right the learned trial court bases upon expres-
sions in the letters of October twenty-seventh and November
fourth, and which I think were subsequent to the correspond-
ence which constitutes the contract between the parties. The
examination referred to in those letters is not to be an examin-
ation which should determine whether the defendant should
receive these five hundred hides, but the examination of this
lot was to determine whether he was so well suited with this
lot that he would make further and larger orders. Besides, it

seems very plain that the plaintiff's assignor did not mean to change the terms of the contract for this shipment, but, at all times and upon the stand as a witness upon the trial, insisted that the defendant was not entitled, as a matter of right, to an examination before an acceptance of the hides. There was no consideration for such change of contract or waiver, as it is called by the trial court, and it, therefore, imposed no new or different obligation upon the plaintiff than existed under the former contract. But the trial court made a finding that the contract was so modified as to allow the defendant an examination before acceptance. The trial court also found that plaintiff's assignor had offered to defendant an opportunity to examine the hides outside of the car in which they were contained upon the platform or in the store-house; that such opportunity was a just and reasonable one, and that defendant refused, and thus defendant broke the contract, and that the plaintiff's assignor was justified in the course he pursued thereafter.

I can see no error in this finding or conclusion. It would afford a fair and reasonable opportunity for the defendant to determine the quality of the hides. None could be better for the purpose of an examination unless they should be taken to defendant's tannery and there be worked as well as examined. Of course, business of this kind could not be practically or successfully carried on in this way. Certainly not to the vendor of hides living hundreds if not thousands of miles away, and receiving many, if not the most, of the hides he sells from dealers and butchers living and carrying on business as many more miles from the plaintiff's assignor.

We come now to notice the exceptions taken by the defendant. These were, first, as to the proof of a custom, existing in Chicago, for the seller of hides to ship and consign to himself at the place of destination, with directions to the carrier to deliver to the vendee upon his accepting a draft for the purchase-price. We do not think that the proof of such custom could have harmed or prejudiced the defendant in any way. Whether the contract was to accept the hides and sign a draft

for payment upon notice of their arrival by the carrier, or to do so after reasonable opportunity to examine the hides and refusal by the vendor to avail himself of such opportunity, can make no difference with the legal rights and obligations of the parties to the contract. It was the clear right of the seller, when no other mode or time for payment is provided in the contract, to retain possession of his property until he was paid for it. The defendant has no right or ground for complaint that the plaintiff insists upon such right. The defendant in this case ordered hides to be sent to Owego. Hides, such as he wanted and had ordered, were brought and tendered to him at the railroad station at Owego, one of the usual routes and points of shipment. No other route or point had been indicated by the defendant when the hides were shipped.

We do not perceive that the defendant's rights have been interfered with, or what just ground of complaint or of refusal to accept the goods the defendant would have had if the goods had arrived in the personal care or possession of the seller and without any bill of lading or shipping bill whatsoever. The seller has the right to retain his possession until he received or is tendered payment of the price. This mode of doing business is entirely legitimate, and in many cases it is the only way of securing payment. (*Commercial Bk.* v. *Pfeiffer, supra;* 22 Hun, 334.)

It certainly would not seem to be any just ground of complaint, upon the part of the defendant, that the plaintiff instead of delivering the goods to the vendee at Chicago by an absolute consignment to him, as he was authorized to have done under the contract in question, took the risk upon himself of the payment of the transportation and of their arrival in good order and condition at the place where the defendant desired to use and manufacture them into leather. (*Higgins* v. *Murray, supra.*)

Our conclusion is that this proof of custom did not change or affect the legal relations of the parties to the contract in question, and was not at all necessary or serviceable in the decision of the question in this case. Whether this proof of

custom was in or out of the case, the decision must have been the same, and so the defendant has no just ground of complaint, or for another trial without such proof.*

\*    \*    \*    \*    \*    \*    \*

I do not understand from the defendant's points that any serious contention is made as to the right of the plaintiff to recall the hides and resell them at Chicago, the great hide market of the country, and after notice to the defendant that that course would be pursued if the defendant refused to accept and pay for the hides in accordance with the terms of the contract. The plaintiff in the contingency just stated had the right to pursue this course.

I think the sale was properly made by the plaintiff at Chicago, and that he adopted the best means to get the highest price and occasion defendant the least loss, and that the sale, etc., was conducted in entire good faith by the plaintiff's assignor, and that the amount of the recovery did not exceed the plaintiff's right or the defendant's obligation after he had broken the contract. (*Duston* v. *McAndrew*, 44 N. Y. 72, 74, 79.)

We think the judgment should be affirmed, with costs.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment affirmed.

* The omitted portion of the opinion discusses exceptions to the reception of evidence which are not deemed of any general interest or importance.