### HOUSE *v.* BABCOCK.

(*Supreme Court, General Term, Fourth Department.* February, 1892.)

SALE—REFUSAL OF BUYER TO ACCEPT—PLEADING.

> A complaint alleging a sale by plaintiff to defendant of hops at an agreed price, a portion of which was paid, to be delivered at a time and place certain, when the remainder of the purchase price was to be paid, a delivery of the goods as agreed, defendant's failure to receive or pay for them, their sale by plaintiff, after notice to defendant, for the best price that could be obtained, and a claim for caring for them, and for the difference between the contract and the selling price, states but one cause of action.

Appeal from special term, Oswego county.

Action by Abram T. House against Silas B. Babcock upon a contract for the sale of goods. Plaintiff was ordered to make his complaint more definite and certain, and requiring him to set up separately and number the different causes of action stated therein. The order granted provided that, within 20 days after service upon the plaintiff's attorneys of a copy of the order, the plaintiff should serve upon the defendant's attorneys a copy of the complaint, amended by setting up, in the first count thereof, a cause of action for breach of contract, and in separate counts thereof any further causes of action which the plaintiff might have against the defendant, and required the plaintiff to pay $10 costs of the motion. Plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Reilly & Ludington,* for appellant. *Goodelle & Nottingham,* for respondent.

MARTIN, J. It will be seen, by a reference to the complaint, that it was, in substance, alleged therein that in November, 1888, the plaintiff sold the

defendant 993 pounds of hops, at 25 cents a pound; that the defendant paid him $5 thereon; that the hops were to be delivered at defendant's residence on or before November, 1888, when the remainder of the purchase price was to be paid; that the hops were delivered, but defendant was not present, and did not receive and pay for them; that plaintiff had requested the defendant to take the hops, and pay the purchase price, which he neglected and refused to do; that plaintiff held the hops until January, 1891, when, as the agent of the defendant, he sold them for $12; that he gave the defendant notice of his intention to sell them, and that he sold them for the best price he could obtain; that he was damaged in the sum of $50 in caring for said hops, and for expenses in selling them; that, by reason of the defendant's failure to perform his contract, the plaintiff sustained damage in the sum of $281.25. On the failure of the purchaser to perform a contract for the sale of personal property, the vendor, among other remedies, may sell the property, acting as the agent for this purpose of the vendor, and recover the difference between the contract price and the price obtained on such sale. *Dustan* v. *McAndrew*, 44 N. Y. 72; *Lewis* v. *Greider*, 51 N. Y. 231; *Cahen* v. *Platt*, 69 N. Y. 352; *Mason* v. *Decker*, 72 N. Y. 599; *Porter* v. *Wormser*, 94 N. Y. 442; *Sawyer* v. *Dean*, 114 N. Y. 469, 21 N. E. Rep. 1012. The expenses of making such sale, as well as the expenses of preserving and taking care of the property after default and before the sale, together with the difference between the contract and selling price, is the proper measure of damages in such action. *Sawyer* v. *Dean*, 114 N. Y. 469, 21 N. E. Rep. 1012; *Lewis* v. *Greider*, 51 N. Y. 231. When we read the complaint in the light of the authorities cited, we are unable to discover that it contains more than one cause of action. The action was obviously to recover the difference between the contract price of the hops and the price at which they were sold, together with the expense of taking care of and selling them. If the order had required the plaintiff to make his complaint more definite and certain as to the items, or what constituted the $50 claimed as damage in caring for the hops and for expenses in selling them, another question would have arisen. The order granted required the plaintiff to serve a new complaint, setting up in the first count a cause of action for breach of contract, and in separate counts any further causes of action which he might have against the defendant, and to pay the defendant $10 costs of that motion. There being but one cause of action stated in the complaint, we think the order was improper, and should be reversed. Order reversed, with $10 costs and disbursements. All concur.