ABRAHAM GLANZER and JOSEPH GLANZER, Copartners Doing Business under the Firm Name and Style of GLANZER BROS., Respondents, v. THE J. K. ARMSBY COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, July, 1917.)

Contracts — provisions of — sales — carriers — bills of lading — burden of proof — verdict — judgments — time of passing title — Personal Property Law.

The time at which the property in goods sold under a contract of sale is to pass to the buyer depends upon the intention of the parties.

Where the seller appropriates specific goods to a contract of sale and delivers them to a carrier for transportation to the buyer and thereafter has no further duties to perform under the contract, it will be presumed, unless the contrary appears, that the property of the goods passed to the buyer at the time of the delivery to the carrier; and this presumption obtains although under the contract the buyer is to pay the purchase price before receiving the goods.

A shipment of goods to the order of the consignor does not prevent the general property in them passing to the buyer subject to the right of the consignor to retain a special property therein as security for the payment of the purchase price or other purpose.

Defendant shipped to plaintiffs a certain quality of beans in an attempted compliance with a contract of sale.   The bill of lading which showed that the beans were consigned to the order of the consignor required a surrender of the bill of lading properly indorsed before the delivery of the property.   The contract of sale provided:   "Notwithstanding shipped to Seller's order, goods are at risk of Buyer from and after delivery to carrier, and Buyer hereby assumes responsibility as to shortage, loss, delay or damage in transit upon issuance by carrier of clean bill of lading or shipping receipt."   On the day when the beans were shipped, plaintiffs delivered to defendant a draft for the purchase price, but the beans because they were "buggy" were seized in transit and destroyed by federal inspectors.   In an action to recover the amount paid on the draft on the ground of an entire failure of consideration, *held,* that upon delivery to the carrier the general property in the beans passed to plaintiffs subject only to defendant's right of possession as security for payment and that the beans were thereafter at the risk of plaintiffs.

That the burden of proof that the beans delivered to the carrier were not in accordance with the contract of sale was upon plaintiffs in order to show failure of consideration for the payment made to defendant and that in the absence of such proof it was error to direct a verdict in favor of plaintiffs, and a judgment entered thereon will be reversed and a new trial ordered.

APPEAL by defendant from a judgment of the City Court of the city of New York and from an order denying defendant's motion for a new trial.

Kendall & Herzog (Lyle Evans Mahan, of counsel), for appellant.

I. Gainsburg, for respondents.

LEHMAN, J.   The plaintiffs and the defendant on August 17, 1915, entered into a contract whereby the defendant sold or agreed to sell and the plaintiffs bought or agreed to buy 1,600 packages of " Fava Beans, price $1.75 per cwt.   F. O. B.  Cars Sunset Gulf Shipping  Point."   On  the  twenty-seventh  day  of

August the defendant shipped to the plaintiffs beans in attempted compliance with this contract. The bill of lading shows that the beans were " consigned to Order of the J. K. Armsby Company. Destination, New York, State of New York. Notify Glanzer Brothers at New York, N. Y. Route Via Sunset Gulf." The bill of lading further contained a clause that: " The surrender of this Original Order Bill of Lading properly indorsed shall be required before the delivery of the property. Inspection of property covered by this bill of lading will not be permitted unless provided by law or unless permission is indorsed on this original bill of lading or given in writing by the shipper." The contract of sale contained a clause " Terms: F. O. B. common shipping point California. Draft and Bill of Lading or Order attached. Net cash on arrival and examination at destination. Draft payable in New York, Chicago or San Francisco." The bill of lading contained a clause " Permit inspection." The plaintiffs, however, did not want to pay for the goods till the presentation of a draft with bill of lading attached and till after inspection of the goods. On the day when the goods were shipped they delivered to the defendant the following draft:

"THE J. K. ARMSBY Co.          $1697.68
    " SAN FRANCISCO, CAL., *August 27th,* 1915.

"At sight pay to the order of Wells Fargo Nevada National Bank of San Francisco Sixteen hundred ninety-seven and 68/100 Dollars, value received, charge to account of

" GLANZER BROTHERS
                        " by GLANZER BROTHERS.
" To GLANZER BROTHERS
      " 92 East 4th Street
                New York City."

The bill of lading indorsed in blank was apparently attached to this draft and the draft was presented to the plaintiffs on September seventh and paid by them. The beans covered by the bill of lading never arrived in New York but were seized and destroyed by Federal inspectors owing to the fact that they were "buggy." The plaintiffs have now brought this action to recover the sum of $1,697.68, claiming that since the draft was given in payment for beans and they have never received any beans there has been an entire failure of consideration and they are entitled to recover the amount paid on the draft. At the trial the documents in the case were introduced in evidence by the plaintiffs and the facts stated above practically conceded. The plaintiffs thereupon rested and the defendant moved to dismiss the complaint. Thereafter the defendant unsuccessfully attempted to introduce evidence to establish certain affirmative defenses and at the close of the case the trial justice directed a verdict in favor of the plaintiffs.

The plaintiffs made no attempt to prove that the beans delivered to the carrier were not in accordance with the contract of sale or even that they were destroyed by reason of conditions which existed at the time of the shipment. The plaintiffs can, therefore, recover only if under the contract of sale title was to pass only after delivery and inspection in New York and the right to payment was therefore contingent upon such arrival.

While the contract of sale provides "net cash on arrival and examination at destination," it is quite evident that if the parties intended that the title to the goods should pass immediately upon delivery to the carrier and that thereafter the risk of loss should fall on the buyer, then this clause must be construed merely as fixing the time for payment and cannot be

construed as meaning " no arrival, no pay." In the present case, however, the plaintiffs claim that inasmuch as the defendant has delivered the goods to a carrier consigned to its own order, the shipper retained title to the beans and cannot claim that by such shipment the property in the goods passed to the buyer and were at the buyer's risk. The time at which the property in goods is to pass to the buyer has always depended upon the intention of the parties. Where a seller appropriates specific goods to a contract of sale and delivers them to a carrier, for purposes of transmission to the buyer, and after such delivery has no further duties to perform under the contract, such as delivering the goods to the buyer at a particular place or paying the freight to a particular place, it will be presumed, unless a different intention appears, that the property in the goods passes to the buyer at the time of the delivery to the carrier. In this regard it is to be noted that this presumption is applicable, although by the terms of the contract the buyer is to pay the price before receiving delivery of the goods. See Personal Property Law, section 100 " Rules for ascertaining Intention " Nos. 4 and 5. The plaintiffs contend that these rules have no application to cases where the goods are consigned to the order of the seller " notify " buyer and they rely for authority especially on the case of *Furman* v. *Union Pacific R. R. Co.*, 106 N. Y. 579, 587. This and similar cases, however, hold only that a consignor by consigning to his or her order retains as between himself and the carrier the property in the goods, and the carrier is liable for conversion if it delivers the goods even to the buyer without the order of the consignor and the surrender of the bill of lading. In none of these cases, however, has the court held that as between the buyer and the seller such a form of shipment prevents the

general property in the goods passing to the buyer subject to the right of the consignor to retain a special property in the goods as security for payment or other purpose. On the contrary in the case of *Sawyer* v. *Dean,* 114 N. Y. 469, the Court of Appeals in construing a very similar contract and bill of lading held that " the plaintiff in shipping in his own name was simply keeping the possession of the property, as he had a right to do, until it had been accepted and paid for by the defendant. By shipping in that manner he retained and kept the lien of possession as his security for the payment of the property. The effect of the contract was to transfer the title of the property from plaintiff's assignor to the defendant, subject only to the right of the assignor to retain possession until payment should be made as long as no credit was to be given or had been provided by the terms of the agreement." The rule of this case is embodied in section 101 of the Personal Property Law, subdivisions 2 and 3. In the present case, however, we need not even resort to the ordinary rules to determine the intention of the parties for in the contract of sale the parties have themselves provided: " *Notwithstanding shipped to Seller's order,* goods are at risk of Buyer from and after delivery to carrier, and Buyer hereby assumes responsibility as to shortage, loss, delay or damage in transit upon issuance by carrier of clean bill of lading or shipping receipt." It follows, I think, that the seller fully complied with its contract if it delivered to the carrier goods in accordance with its contract; that the general property to these goods passed to the buyer upon such delivery subject only to the seller's right to possession as security for payment and the goods were thereafter at the risk of the buyer. Since in this case the plaintiffs must show failure of consideration for the payment made to the

31

defendant, they have the burden of proving that the goods delivered to the carrier were not in accordance with the contract of sale. In the absence of such proof it was error to direct a verdict in favor of plaintiffs.

The appellant also urges various alleged errors by the trial court which prevented the defendant from proving its affirmative defenses. Inasmuch as upon a new trial the entire theory of the case will be changed it is hardly possible that the same questions will again be presented and it would, therefore, serve no useful purpose for us to consider them now.

Judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

BIJUR and ORDWAY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.