ISIDORE HYMAN and Another, Copartners Doing Business as HYMAN BROS. & Co., Appellants, v. ISRAEL J. HULLMAN, Respondent.

First Department, April 20, 1923.

Sales — action to recover difference between price received on resale by sellers and sale price — goods were shipped on non-negotiable bill of lading consigned to sellers — goods were not refused on ground that bill of lading was not negotiable or not assigned to defendant, but for refusal of inspection before payment — question of insufficiency of bill of lading cannot be raised on appeal — error to dismiss case on ground that sellers did not deliver negotiable bill of lading to buyer — buyer did not have right to inspect goods before payment — question for jury whether sellers acted with reasonable care and diligence in making resale and whether notice was adequate — Personal Property Law, § 146, does not require that notice of time and place of resale be served on buyer.

In an action to recover the difference between the price received on the resale of goods by the sellers after their rejection by the buyer and the price at which they were sold to the buyer, the buyer cannot raise the objection on appeal that the bill of lading, which was non-negotiable and had not been assigned to the buyer, was insufficient, and that his refusal to accept the goods was justified for that reason, where it appears that at the time the goods were tendered he did not refuse to accept them on that ground but on the ground that the sellers would not permit him to examine the goods before making payment.

It was error to dismiss the case on the ground that the bill of lading was insufficient and that the defendant was justified in refusing the goods, since the bill of

lading could have been made available for securing the goods on the payment of the purchase price.

There was no duty on the part of the sellers to permit the property to be inspected by the buyer before it was paid for, for the condition of payment and delivery were simultaneous acts and the tender of delivery by the buyer gave the right to enforce the payment without irspection.

It was error for the court to hold, as a matter of law, that the sellers should have resold the goods in a rising market, since it was a question for the jury to determine whether or not the sellers had acted with reasonable care and diligence in making the resale of the property and whether the notice given to the buyer that a resale would be made was adequate.

The sellers were not required by section 146 of the Personal Property Law to notify the buyer of the time and place at which the goods were to be resold.

APPEAL by the plaintiffs, Isidore Hyman and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of June, 1922, upon the dismissal of the complaint upon the merits by direction of the court at the close of the plaintiffs' case.

*Samuel F. Hyman,* for the appellants.

*Abraham B. Albert,* for the respondent.

McAVOY, J.:

The complaint was dismissed in this action because the court apparently thought that the plaintiffs had not performed the contract. The suit was for a balance due after a resale on defendant's failure to take and pay for merchandise consisting of furniture. The contract for the purchase of this furniture provided that it was to be resold to the defendant at fifteen per cent above the price as billed to the sellers f. o. b. factory. The payment was to be made by the buyers on a bill of lading. The goods were shipped according to the terms of the order, and an unindorsed bill of lading was presented to defendant. Payment was refused but not on the ground that the bill was non-negotiable or not assigned to defendant. Thereafter, plaintiffs sold the merchandise at the best price obtainable at the place of delivery to another person engaged in the same trade in Binghamton and claims there was a deficit of $546.15 between the purchase price and the resale price for which they sue.

The plaintiffs proved the contract made with the defendant, who at the time approved the terms of sale, and time and manner of shipment, and it was shown that a first carload lot had been shipped to Binghamton where defendant's place of business was, and that there had been forwarded a non-negotiable bill of lading to plaintiffs' order to defendant, together with an invoice of plaintiffs for the price, which was fifteen per cent in advance of

factory price. Failing to receive defendant's check, one of the plaintiffs went to Binghamton, saw defendant, showed him the bill of lading and the original factory bill and demanded payment. Defendant refused to pay for the goods, saying that " the price is higher than I bought them at;" he was then shown the factory bill which had been sent to plaintiffs by the manufacturers, and this evidenced the charge was no higher than fifteen per cent above that figure. He thereafter based his refusal to pay upon plaintiffs' declining to give him the opportunity of seeing the goods. Hence there was no assertion at any time that the bill of lading was in anywise insufficient, and since it could have been made available for securing the goods on payment, it cannot be now argued as a ground for refusal to perform.

The trial court gave its grounds for dismissal as follows:

" The contract provides that the plaintiff was to receive fifteen per cent in addition to the factory price, upon presentation of a bill of lading. The evidence of the plaintiff shows that he failed to deliver a proper bill of lading to this defendant, because the bill of lading that was offered in evidence is a non-negotiable bill of lading. The decisions are very clear that there must be some act on the part of the consignee to entitle the other party to receive the goods. There was a failure on the part of the plaintiff to indorse his bill of lading to the defendant, whereby the defendant could have taken the goods.  *  *  *

" Plaintiff was under a duty to notify the defendant that he intended to sell the goods for the benefit of the defendant, and then his duty was to have sold the goods for as large a price as he could in a rising market so as to mitigate the damages, if any."

There seems to have been a misconception of the duty of the seller in this statement of the grounds of dismissal. The fact that the bill of lading which was presented, was taken in the name of the seller, did not relieve the buyer of the duty to pay the purchase price. A seller of merchandise may ship in his name, as a means of keeping possession of the property, until it is paid for by the buyer. By shipping in his own name he retains and keeps the lien of possession as his security for the payment of the property. (*Sawyer* v. *Dean*, 114 N. Y. 469.) Since no credit was to be given or had been provided for by the terms of the agreement, the duty of payment upon the part of the buyer was simultaneous with the duty of the seller to deliver, and since the proof showed that he was at the place of delivery of the goods, and that the bill of lading was in his own name, by delivery of the bill and its assignment, or together with an order for the transfer of the goods to the buyer, the right of possession could have been put into the hands

of the buyer. In fact, this was the means of transfer to the purchaser of the furniture that the seller employed on the resale subsequently had. Such a situation may be compared to the arrival of the goods in the personal care or possession of the seller and without any bill of lading whatever. He could in the one case, as well as in the other, deliver the possession which he himself had to the buyer without negotiation of any shipping document. It was, therefore, an erroneous conclusion that he failed to comply with his contract because he did not deliver a negotiable bill of lading to the buyer. Neither was there any duty upon the part of the seller to permit the property to be inspected by the buyer until paid for. The condition of payment and delivery being simultaneous acts, the tender of delivery gave the right to enforce performance of payment under the contract by the seller. (*Sawyer* v. *Dean, supra; Hayden* v. *Demets,* 53 N. Y. 426; *Pollen* v. *Le Roy,* 30 id. 549.)

The learned trial court also fell into error in holding as a matter of law that the plaintiffs should have sold the goods in a rising market. The duty of the seller was merely to sell to the best advantage, having regard to the buyer's interest, providing that he act in good faith, and with reasonable care and diligence. The plaintiffs cannot be held under the proof to have violated any duties that they owed the buyer. Having notified the defendant that they would sell the goods, and having proceeded to do so, in such manner as the proof showed here was done, there was an issue tendered for the jury as to whether they had acted with reasonable care and diligence in thus disposing of the merchandise. There was notice of the sale on the morning that the defendant refused to take the merchandise.

Section 146 of the Personal Property Law (as added by Laws of 1911, chap. 571) provides: " Where the goods have not been delivered to the buyer, and the buyer has repudiated the contract to sell or sale, or has manifested his inability to perform his obligations thereunder, or has committed a material breach thereof, the seller may totally rescind the contract or the sale by giving notice of his election so to do to the buyer."

There is nothing in this section that makes it a duty of the seller, when selling as an agent of the buyer, to notify the principal of the time and place at which the goods are to be sold or exposed for sale. The question whether the notice was adequate and proper was a jury question which the court could not decide.

Section 141 of the Personal Property Law (as added by Laws of 1911, chap. 571) describes the rules with reference to a resale on the buyer's default, and the questions of notice, reasonable care and

judgment in making a resale are in that enactment made questions of fact. The rule established at common law and recited in some of the earlier New York cases is not altered, that the vendor may ascertain or liquidate the amount of the difference between the agreed price and the market value of goods by a resale, taking all proper measures to secure as fair and favorable a sale as possible. (*Pollen* v. *Le Roy, supra; Dustan* v. *McAndrew,* 44 N. Y. 72; *Van Brocklen* v. *Smeallie,* 140 id. 70; *Jardine, Matheson & Co.* v. *Huguet Silk Co.,* 203 id. 273.) The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide event.