## PERLMAN v. LEVY.

### (Supreme Court, Appellate Term.  April 10, 1908.)

1. SALES—REMEDIES OF SELLER—MEASURE OF DAMAGES.

　The measure of damages for breach of contract to purchase a shop for manufacturing clothing is the difference between the contract price and the market value of the property at the time and place of delivery.

　[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1098–1099.]

2. EVIDENCE—VALUE OR MARKET PRICE OF PROPERTY.

　Though a sale at public auction, fairly made, is competent evidence of value, yet evidence not purporting to show the price for which the property was sold, but merely the amount of money received from the auctioneer, was improperly admitted.

　[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 280.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Benjamin Perlman against Julius H. Levy.  Judgment for plaintiff, and defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Spiro & Wasservogel, for appellant.

Leonard Bronner (S. Marshall Kronheimer, of counsel), for respondent.

PER CURIAM.  This action was brought to recover damages for the breach of an alleged contract.  The plaintiff testified that the defendant agreed to purchase from him his shop for manufacturing clothing, containing specified articles of machinery, fixtures, etc., for $650, and that the plaintiff agreed to sell, and to pay on behalf of the defendant $100 for rent, and to assign to the defendant a deposit, amounting to $45, which had been made to the gas and electric light companies.  The defendant denied the making of the contract, and claimed that the agreement to purchase had been made with one Goldberg, and that he had been interviewed in relation to the matter merely with a view to making a loan to Goldberg upon the property, in the event of Goldberg's purchasing it.  The defendant was corroborated, not only by the direct testimony of Goldberg, but by the terms of a receipt which the plaintiff gave to Goldberg, on the receipt from him of $20 on account of the contract price.

The judgment rendered seems to us to be against the weight of evidence.  Assuming the contract to have been made, and to have been broken by the defendant, there is no competent evidence in the record to sustain the award of damages which was made.  If the plaintiff was entitled to recover, which we very much doubt, the proper measure of damages to be applied was the difference between the contract price and the market value of the property at the time and place of delivery. Windmuller v. Pope, 107 N. Y. 674, 14 N. E. 436.  The only evidence as to the damages, which the plaintiff claims he sustained, was given by the plaintiff in response to the following question:

"Q. How much money did you receive from the auctioneer? (Objected to as immaterial, incompetent, and improper. Objection overruled. Exception taken.) A. I got from the auctioneer $214, with some change. I don't remember the change."

We think that the admission of this testimony constituted error, which, in the absence of any other evidence in relation to the damages resulting from the breach, calls for the reversal of this judgment. We do not question that a sale at public auction, fairly and properly made, may be competent evidence of value (Ackerman v. Rubens, 167 N. Y. 405, 409, 60 N. E. 750, 53 L. R. A. 867, 82 Am. St. Rep. 728); but in this case there was no evidence of such a sale. The evidence offered did not purport to show the price for which the property sold at auction, but merely the amount of money which the plaintiff received from the auctioneer. The reception of such evidence as proof of value would establish a standard quite different from that sanctioned by the authorities.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event.