### RIDDEN v. LYNCH.

(Supreme Court, Appellate Term. February 8, 1912.)

**1. SALES (§ 123*)—RESCISSION—RIGHTS OF PURCHASER.**

　　Where plaintiff contracted to buy an automobile and a defective car was tendered, plaintiff, in order to justify a complete rescission, should have tendered payment less a sum for the defect, or have offered to pay if proper reductions were made, and, not having done so, cannot have a total rescission because of defendant's breach.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 302; Dec. Dig. § 123.*]

**2. SALES (§ 94*)—RESCISSION—EFFECT.**

　　Where a contract of sale is rescinded by both parties, the buyer is entitled to a return of any payments he may have made.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. § 260; Dec. Dig. § 94.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. SALES (§ 340*)—ACTIONS FOR BREACH—REMEDIES OF SELLER.
    Where a purchaser of an automobile refused to carry out his contract, the seller might either sell the car and hold the purchaser for the remainder of the purchase price, or tender the car and sue for the unpaid purchase price, or retain it and sue for the difference between the market and contract prices.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 927–942; Dec. Dig. § 340.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Percival A. Ridden against Edward B. Lynch. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Jacob Friedman, for appellant.
A. Wheeler Palmer, for respondent.

PER CURIAM. The action arose out of the alleged nonperformance by defendant of a contract by plaintiff to buy and defendant to sell an automobile. Delivery was to be about November 19, 1910, at the Grout factory, Orange, Mass.; payment on delivery. Plaintiff paid $500 down, which sum he seeks to recover in this action.

Although defendant was long in default in delivery, and perhaps never tendered a *perfect* car under the contract, plaintiff waived all this, and agreed to take the car. He wished, however, to give notes, instead of cash, for the balance of the purchase price. Defendant so far acceded as to promise to hold the car *until plaintiff was ready to pay*. Thereafter, for some reason not clearly appearing, plaintiff determined to get another style of car, and wrote defendant, suggesting that defendant take the car in question for his personal use. Subsequently plaintiff sued for his $500 deposit.

[1] Appellant argues that defendant never tendered a car in *full* compliance with the contract, and never offered to allow deductions for the items omitted. This, however, does not afford ground for reversing the judgment, since, to be in a position to claim a clear breach justifying refusal to go on, plaintiff ought to have tendered either payment less a specific sum for defects, or have offered to pay if proper deductions from the price were made. Instead, plaintiff asked defendant to hold the car until he (plaintiff) could pay cash; that is, defendant's breach, if any, in this regard was concurrent with plaintiff's failure to pay, so plaintiff cannot base his action upon it.

[2] One point, however, seems to call for a reversal. Plaintiff on February 20, 1911, wrote suggesting that defendant keep the car for defendant's own use (i. e., offering an abandonment and rescission of the contract), and defendant, as clearly appears, has in fact used the car continuously from a time subsequent to that letter (i. e., has agreed to a rescission of the contract). If the contract was abandoned by both parties, plaintiff is entitled to be placed in statu quo, and to a return of his $500.

[3] If the contract was not abandoned, the defendant, on plaintiff's breach, had a choice of three courses: (1) Sell the car, and hold

plaintiff for the remainder of the purchase price, if any; (2) tender the car, and sue for the unpaid portion of the purchase price; or (3) retain the car, and sue for the difference between the market price and the contract price. Moore v. Potter, 155 N. Y. 481, 486, 50 N. E. 271, 63 Am. St. Rep. 692; Ackerman v. Rubens, 167 N. Y. 405, 60 N. E. 750, 53 L. R. A. 867, 82 Am. St. Rep. 728.

Defendant's position may have been in pursuance of the third of the foregoing courses, or he has agreed to rescind the contract absolutely, as is suggested by the withdrawal of his counterclaim for the remainder of the contract price. We think, in any event, justice will be promoted by ordering a new trial, upon which we suggest that the complaint be amended, so as to cover the facts as they appear upon this record.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.