BUSCH et al. v. STROMBERG–CARLSON TELEPHONE MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. June 10, 1915.)

No. 4042.

1. CORPORATIONS ⊜➛472—CONTRACTS FOR PURCHASE—BREACH BY BUYER—
REMEDY OF SELLER.

Where one, contracting to purchase stocks and bonds of a corporation, failed to pay a part of the contract price, the other party to the contract could either retain the stocks and bonds, and sue for damages for the failure, or could deliver them to the buyer, or into court on his refusal to receive them, and then recover the contract price.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1837, 1839, 1841; Dec. Dig. ⊜➛472.]

2. CORPORATIONS ⊜➛472—PURCHASE OF BONDS AND STOCKS—BREACH—MEASURE OF DAMAGES.

The measure of damages for the failure of one contracting for the purchase of the bonds and stocks of a corporation to pay a part of the price is the unpaid contract price, where the adverse party places the stocks and bonds in the registry of the court, which directs the clerk to deliver the same to the buyer.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1837, 1839, 1841; Dec. Dig. ⊜➛472.]

Reed, District Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

On motions for rehearing. Denied, judgment of District Court affirmed, and original judgment of Circuit Court of Appeals reversed.

For former opinion, see 217 Fed. 328, 133 C. C. A. 244.

Franklin Ferriss and Allen C. Orrick, both of St. Louis, Mo., for plaintiffs in error.

Warwick Hough, Warwick M. Hough, and Irvin V. Barth, all of St. Louis, Mo., and Hubbell, Taylor, Goodwin & Moser, of Rochester, N. Y., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and REED, District Judge.

SANBORN, Circuit Judge. This was an action on a contract of Mr. Busch to pay $100,000 for bonds of the United States Independent Telephone Company of the par value of that amount and stock of that company of the par value of $40,000. There were other terms to his agreement, which are set forth in the opinion in this case in Busch v. Stromberg-Carlson Telephone Manufacturing Company, 217 Fed. 328, 133 C. C. A. 244. Mr. Busch failed to pay $20,000 of his subscription, and the court below rendered judgment against him for that amount and interest. This court was of the opinion that the measure of damages for the breach of the agreement was the difference between the $20,000 which Mr. Busch agreed to pay and the value of the stock and bonds he was to receive therefor, and on that ground alone directed a reversal of the judgment and a new trial. 217 Fed. 334, 133

C. C. A. 244. Each of the parties has made a motion for a rehearing and has supported it with an argument.

[1, 2] The record discloses the facts that the plaintiffs pleaded that they brought into court and tendered to the defendant the bonds and stock which Mr. Busch was to receive. It also appears from the record that these bonds and this stock were in the registry of the court when the judgment was rendered and that the court directed in the judgment that the clerk should deliver them to Mr. Busch. In this state of the facts the rule of damages invoked by the majority of this court in its opinion was inapplicable. The plaintiff had the option to retain the bonds and stock and sue for damages for the failure of Mr. Busch to take and pay for them, or to deliver them to him, or, if he refused to receive them, to bring them into court, and then to recover the contract price. It elected to do the latter, and the judgment below was right. Kinkead v. Lynch (C. C.) 132 Fed. 692; Hayden v. Demets, 53 N. Y. 426, 431; Ackerman v. Rubens, 167 N. Y. 405, 408, 60 N. E. 750, 53 L. R. A. 867, 82 Am. St. Rep. 728; Van Brocklen v. Smeallie, 140 N. Y. 70, 75, 35 N. E. 415; Campbell v. Woods, 122 Mo. App. 719, 99 S. W. 468. This question has been so thoroughly argued, briefed, and considered that a rehearing of it would be useless, and the majority of the court are of the opinion that the other grounds for rehearing are not tenable.

The motions for rehearing must accordingly be denied, the judgment of this court reversing the judgment below must be set aside, and a judgment must be rendered affirming the judgment of the District Court; and it is so ordered.

REED, District Judge, dissents from the order denying the executors of the will of Mr. Busch a rehearing.