## VARLEY v. BELFORD.

(Supreme Court, Appellate Term, First Department.　January 7, 1916.)

SALES ☞384—SALE ON COMMISSION—BREACH OF CONTRACT—MEASURE OF DAMAGES.

　　Where defendant breached his contract with plaintiff to purchase an oil separator, plaintiff being the agent of a dealer who paid him a commission on sales made, plaintiff's measure of damages was the difference between the contract price and the market or current price at the time of the breach, as provided for by Personal Property Law, § 145, as added by Laws 1911, c. 571, and was not the amount of his commission.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. ☞384.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William Varley against Edward J. Belford. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Edward J. Flanagan, of Brooklyn, for appellant.

Davis & Mayer, of New York City (Chester Mayer, of New York City, of counsel), for respondent.

FINCH, J. On June 24, 1914, defendant ordered a gasoline and oil separator from plaintiff's assignor, one MacCracken, at the price of $100. The separator was delivered to the defendant, but for some reason not necessary to be considered, in view of the decision arrived at by this court, was not accepted. MacCracken testified in substance that he was not the owner of the separator, but was selling it for a certain concern, which had promised to pay him as profit by way of what he called a "commission" the difference between the selling price and $53. In this case, since the selling price was $100, he was to receive about $47 "commission," and the court awarded him that amount as part of his damages for defendant's alleged breach of contract. This clearly was error.

The proper measure of damages for the breach of a contract of sale is, "in the absence of special circumstances showing proximate damage of a greater amount, the difference between the contract price and the market or current price at the time or times when the goods ought to have been accepted, or, if no time was fixed for acceptance then at the time of the refusal to accept," together with such necessary incidental expenses as vendor may have incurred. This is the rule laid down in section 145 of the Personal Property Law, as added by Laws 1911, c. 511, which was merely a statement of the rule at common law. Ackerman v. Rubens, 167 N. Y. 405, at page 408, 60 N. E. 750, 53 L. R. A. 867, 82 Am. St. Rep. 728. In the case at bar there was no evidence of market value. The cases cited to the contrary by the respondent in his brief do not sustain his contention.

For the foregoing reason it is unnecessary to discuss here the other points raised by the appellant in his brief.

Judgment must be reversed, and a new trial ordered, with $30 costs to the appellant to abide the event. All concur.