PAIGE, SCHOOLFIELD & CO., INC., Plaintiff, Appellant, *v.* ARACOMA TEXTILE CO., INC., Defendant, Respondent.

Supreme Court, Appellate Term, First Department, November 13, 1924.

**Sales — action for difference between contract price of merchandise and price obtained at resale forced by refusal of defendant to accept goods — measure of damages — testimony of witnesses sworn as experts vague, immaterial and too remote — defendant, with notice of resale, failed to protect price — plaintiff entitled to judgment predicated on full amount of loss suffered.**

A judgment for the full amount claimed by the plaintiff and predicated on the difference between the contract price of merchandise purchased and the price at which the plaintiff was forced to resell after defendant refused to accept the goods should be awarded plaintiff, where it appears that the testimony of witnesses, sworn by the defendant as experts to prove the market value of the merchandise during the week plaintiff was forced to resell it at a loss, was so vague and remote as to be unsatisfactory and wholly unconvincing, and where its materiality upon the question of plaintiff's good faith with regard to the sale was questionable. Moreover, though the defendant had notice of plaintiff's rightful intent to resell the merchandise, it made no move toward protecting the price.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, for $458.50 after a trial by a judge without a jury.

Gould & Wilkie (*Charles G. Keutgen*, of counsel), for the appellant.

*Ingraham, Page & Moran* (*Joseph S. Meadow*, of counsel), for the respondent.

*Per Curiam.* Plaintiff's appeal is based on the insufficiency of the verdict, claiming that the amount should have been $930.41. It is conceded that defendant bought from plaintiff about 2,700 pounds of cotton yarn at $1.12½ per pound. Plaintiff duly shipped 2,620 pounds which were refused by defendant. Thereupon, after some correspondence, on July 24, 1923, plaintiff wrote defendant that it would sell the yarn to the highest bidder, holding defendant responsible for the difference. On July twenty-sixth, after having written a number of letters to prospective buyers, it sold the yarn at seventy-seven cents per pound.

At the trial defendant's counsel stated that the sole question was as to the proper measure of damages. Thereupon defendant's counsel put three alleged experts on the stand to prove the market price of this yarn during the week of July 26, 1923. We doubt seriously whether these witnesses on their own testimony were qualified, particularly the two who were not connected with defendant's business. The one who was, testified that during the week in question the market was very weak. If the witnesses were qualified their testimony is so vague that it is impossible to determine even whether they were testifying to actual market price or to mere " quotations," that being the phrase used by one of them. None of them was able to call to mind or point out any transactions during the period named.

The right of the plaintiff to resell is not questioned. In *Dustan* v. *McAndrew*, 44 N. Y. 72, it is said that the resale must be made " with reasonable care and diligence, and in good faith." In *Ackerman* v. *Rubens*, 167 N. Y. 405, the court said: " The law is satisfied with a fair sale, made in good faith, according to established business methods, with no attempt to take advantage of the vendee." The materiality of the testimony of the experts is, therefore, at least highly questionable. If it was intended by their evidence to prove that the alleged market price at the time was about ninety-five cents, the possible bearing of that fact upon the good faith of the plaintiff may be perceived, but standing alone it is too remote to affect the result. If that was the purpose of the testimony, however, it may be said, in the first place, that it was so unsatisfactory as to be wholly unconvincing. In the next place, the learned trial judge, if he gave it any weight, was bound to consider a fact to which attention is called in the *Ackerman Case, supra, i. e.,* that the defend-

ant had notice of plaintiff's intention to sell but made no inquiry or effort toward protecting the price. Had its convictions in July, 1923, as to market price been as strong as the professions of its witnesses at the trial, the plaintiff's sale at seventy-seven cents per pound need never have taken place. Consequently as a question of law or as a question of fact the plaintiff is entitled to a judgment for the full amount claimed.

Judgment modified by increasing the same to $967.65, and costs in the court below, and as so modified affirmed, with $25 costs to appellant.

All concur; present, GUY, BIJUR and MULLAN, JJ.